UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

FRED NEKOUEE, individually,

        Plaintiff,

vs.

Case No. 4:18-cv-00245

USR-DESCO CITY PLAZA, LLC,
a Delaware limited liability company,

        Defendant.

_____/

## COMPLAINT
(Injunctive Relief Demanded)

PLAINTIFF, FRED NEKOUEE, individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, USR-DESCO CITY PLAZA, LLC, a Delaware limited liability company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Fred Nekouee, is an individual who resides in Tampa, Florida, in the County of Hillsborough.

2. Defendant's property, Schnucks City Plaza, is located at 3431 Union Boulevard, St. Louis, Missouri 63115, in the City and County of St. Louis.

3. Venue is properly located in the Eastern District of Missouri because venue lies in the judicial district of the situs of the property. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Fred Nekouee is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Fred Nekouee has progressive multiple sclerosis and requires the use of a wheelchair for mobility. Mr. Nekouee travels to Missouri every three to six months to accompany his brother at heavy equipment auctions, or to visit heavy equipment dealerships, where he assists his brother compare prices to equipment available in other areas, or to help his brother evaluate whether to buy or sell heavy equipment. Fred Nekouee has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access that the Plaintiff encountered at the property have endangered his safety, impaired his ability or those accompanying him to park a vehicle, impaired his ability to access the property, and have impaired his use of the restroom in the Schnucks City Plaza.

6. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Schnucks City Plaza, located at 3431 Union Boulevard, St. Louis, Missouri 63115 ("Schnucks").

7. Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 9 of this Complaint.

Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Fred Nekouee desires to visit the Schnucks not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8. The Defendant has discriminated against the individual by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

9. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). Preliminary inspections of the Schnucks have shown that violations exist. The violations that Fred Nekouee personally encountered or observed include, but are not limited to:

**PARKING**

a. In the parking lot in front of the Schnucks' pharmacy, one of the two parking spaces for disabled patrons does not have the signage and international symbol of accessibility in violation of Federal Law 2010 ADAAG §§ 502.6 and 703.7.2.1.

b. In the front parking lot, the van accessible parking width is only 99 inches and less than the minimum 132 inches (3350 mm) required when the access aisle width is only 64 inches in violation of Federal Law 2010 ADAAG § 502.3.

c. In the parking lot, there is only one van accessible parking space with van accessible signage for disabled patrons and less than the minimum of two for every 12 accessible parking spaces (one van accessible space for every six accessible parking spaces) in

3

violation of Federal Law 2010 ADAAG §§ 209.2.4 and 502.6.

    d. In the parking lot serving Schnucks, the running slope of the accessible walking surface is 1:14.7 (6.8%) and steeper than the maximum slope of 1:20 (5%) in violation of Federal Law 2010 ADAAG § 403.3.

    e. The slope of the access ramp to Foot Locker is 1:10.3 (9.7%), which slope is greater than the maximum allowed slope of 1:12 (8%), in violation of Federal Law 2010 ADAAG §§ 405.2.

    f. The accessible car space width is blocked by the landscaping curb and such width is less than the minimum of 96 inches (2440 mm) in violation of Federal Law 2010 ADAAG §502.3.

    g. The slope of the accessibility ramp to Cricket Wireless is 1:9.8 (10.2%), which slope is steeper than the maximum allowed slope of 1:12 (8%), in violation of Federal Law 2010 ADAAG § 405.2.

### INTERIOR FOOD SERVICE AREA

    h. The lotter machine dispenser inside Schnucks is at 52 inches above the floor and higher than the maximum height above the floor of 48 inches when the reach depth is less than 20 inches in violation of Federal Law 2010 ADAAG § 308.2.2.

    i. The Schnucks' pharmacy counter is at 41 inches above the floor and higher above the floor than the maximum allowed counter height of 36 inches in violation of Federal Law 2010 ADAAG §904.4.1, whose resolution is readily achievable.

### MEN'S RESTROOM

    j. The door force needed to open the men's restroom door inside Schnucks is 11 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining

to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010 ADAAG § 404.2.9.

k. The men's restroom inside of the Schnucks does not have the signage and international symbol of accessibility in violation of Federal Law 2010 ADAAG §703.7.2.1.

l. The rear grab bar inside the men's restroom of Schnucks only extends 14 inches and 22 inches from the centerline of the water closet and not the minimum extension of 12 inches (305 mm) on one side and 24 inches (610 mm) on the other side in violation of Federal Law 2010 ADAAG § 604.5.2.

m. Inside the men's restroom of Schnucks, the side grab bar length is 36 inches and less than the minimum length of 42 inches (1065 mm) in violation of Federal Law 2010 ADAAG § 604.5.1

n. The side wall grab bar inside the men's restroom of Schnucks only extends 38 inches from the rear wall and not the minimum extension of 54 inches (1370 mm) from the rear wall in violation of Federal Law 2010 ADAAG § 604.5.1.

o. The toilet paper dispenser inside the men's restroom of Schnucks is outside the reach range of an individual in a wheelchair, which dispenser centerline is 25 inches from the front of the water closet and not between a minimum of 7 inches and a maximum of 9 inches, in violation of Federal Law 2010 ADAAG § 604.7.

p. In the Schnucks' men's restroom, the door hardware (latch or handle) requires tight grasping, pinching, or twisting of the wrist to open the door and the door cannot be opened with a closed fist or loose grip, in violation of Federal Law 2010 ADAAG §§ 309.4 and 404.2.7.

**WOMEN'S RESTROOM**

q. In the women's restroom of Schnucks, the door force needed to open the restroom door is 11 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010 ADAAG § 404.2.9.

r. The rear wall grab bar inside the women's restroom of Schnucks only extends 14 inches and 22 inches from the centerline of the water closet and does not extend the minimum of 12 inches (305 mm) on one side and 24 inches (610 mm) on the other side in violation of Federal Law 2010 ADAAG § 604.5.2.

s. The toilet paper dispenser inside the women's restroom of the Schnucks is outside the reach range of an individual in a wheelchair, which dispenser centerline is 14 inches from the front of the water closet and not between a minimum of 7 inches and a maximum of 9 inches, in violation of Federal Law 2010 ADAAG § 604.7.

t. The distance from the toilet centerline to the side wall inside the women's restroom of the Schnucks is 19 inches, which distance is not between the minimum of 16 inches (405 mm) and a maximum of 18 inches (455 mm) from the side wall, in violation of Federal Law 2010 ADAAG § 604.2.

u. The paper towel dispenser outlet inside the women's restroom of the Schnucks is 51 inches above the floor and outside of the reach range of an individual in a wheelchair, which reach range is a minimum of 15 inches (380 mm) and a maximum of 48 inches (1220 mm) above the floor, in violation of Federal Law 2010 ADAAG 308.2.1.

v. In the women's restroom of the Schnucks, the door handle requires tight grasping, pinching, or twisting of the wrist to open the door and the door cannot be opened with a closed fist or loose grip, in violation of Federal Law 2010 ADAAG §§ 309.4 and 404.2.7.

10. All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

11. The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.   The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the individual by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual

with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

14. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant

8

Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Schnucks and adjacent parking lot spaces to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

    Respectfully submitted,


    s/Robert J. Vincze
    Robert J. Vincze (MO #37687)
    Law Offices of Robert J. Vincze
    PO Box 792
    Andover, Kansas 67002
    Phone: 303-204-8207
    Email: vinczelaw@att.net

*Attorney for Plaintiff Fred Nekouee*